UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDRICK A CARTY,<br>Plaintiff,<br>v.<br>NANCY BERRYHILL,<br>Defendant. | Case No. 17-cv-01212-JCS<br><br>**ORDER GRANTING MOTION TO DISMISS**<br>Re: Dkt. No. 12 |

## I. INTRODUCTION

Plaintiff Fredrick A. Carty initiated the current action against Defendant Nancy Berryhill (the "Commissioner") seeking judicial review of a decision by Administrative Law Judge K. Kwon (the "ALJ") denying Carty's claim for supplemental security income ("SSI"). *See generally* Compl. (dkt. 1); Chung Decl. (dkt. 12-1) Ex. 1 ("ALJ Decision"[1]). In response to Carty's administrative appeal, the Appeals Council mailed him a letter on November 30, 2016 denying his request for further review and thus making the ALJ Decision the final decision of the Commissioner. *See* Chung Decl. Ex. 2 ("Appeals Council Letter"). In this letter, the Appeals Council informed Carty that he had the right to seek judicial review within sixty days of receipt of the letter and detailed the procedures for requesting an extension of this sixty-day deadline with the Appeals Council if Carty needed more time. *See id.* Carty did not file a suit seeking judicial review or request an extension before that deadline. *See generally* Compl. Instead, Carty contends that he filed for an extension with the Appeals Council on March 3, 2017—more than ninety days after the Appeals Council denied his request for review. *See* Opp'n (dkt. 16). Carty then filed a complaint for judicial review in this Court on March 8, 2017. *See* Compl. The

---

[1] Exhibit 1 of Nancy Chung's declaration includes both a notice of decision and the decision itself. Citations herein to the "ALJ Decision" refer to the latter document.

Commissioner now moves to dismiss on the basis that Carty was untimely in filing his complaint and "circumstances do not warrant equitable tolling of the statute of limitations." Mot. (dkt. 12) at 3–4. For the reasons articulated below, the Court GRANTS the Commissioner's motion.[2]

## II.    BACKGROUND

### A.    Procedural History

On January 9, 2014, Carty filed an application for SSI based on alleged impairments to his cervical spine, lumbar spine, and lower extremities with an onset date of September 3, 2003. *See* ALJ Decision at 1, 5. Carty's claim was initially denied on January 23, 2014, and again on reconsideration on April 28, 2014. *See id.* at 1. On May 12, 2014, Carty filed a written request for a hearing. *Id.* (citing 20 C.F.R. § 416.1429). On May 4, 2015, Carty attended an administrative hearing before the ALJ where the ALJ heard from Carty, his counsel at the time, and an impartial vocational expert regarding Carty's impairments. *Id.*

On October 27, 2015, the ALJ issued a decision denying Carty's disability claims after finding that he was not disabled under the five-step sequential evaluation process. *See generally* ALJ Decision (citing 20 C.F.R. § 416.920). At step one, the ALJ found that Carty had "not engaged in substantial gainful activity since January 9, 2014, the application date." *Id.* at 3. At step two, the ALJ found that Carty had "severe impairments" in the form of a "right heel calcaneal fracture; and degenerative joint disease of the cervical lumbar spines." *Id.* at 3. Under the third prong of the five-part analysis, the ALJ found that Carty "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR part 404, Subpart P, Appendix 1," considering "Listings 1.02, 1.04, 1.06, and all relevant listings." *Id.* The ALJ then moved to step four, assessing Carty's residual functional capacity[3] and finding that Carty was "unable to perform any past relevant work." *Id.* at 8 (citing 20 C.F.R. § 416.965). At step five, after "[c]onsidering the claimant's age, education,

---

[2] The parties have consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c).
[3] The ALJ determined that Carty "has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b), except he can occasionally perform postural activities but can never climb ladders, ropes, or scaffolding; and he must avoid tasks that involve power gripping or squeezing of tools." ALJ Decision at 4 (citing 20 C.F.R. § 416.967(b)).

2

work experience, and residual functional capacity," the ALJ found that "there are jobs that exist in significant numbers in the national economy that the claimant can perform." *Id.* at 8–9. Because the ALJ found that Carty was "capable of making a successful adjustment to other work that exists in significant numbers in the national economy," the ALJ ruled that a "finding of 'not disabled' is therefore appropriate under the framework of the above-cited rules." *Id.* at 9.

Following the ALJ's denial of Carty's claims, Carty filed an administrative appeal to the Appeals Council requesting review of the ALJ's decision. On November 30, 2016, the Appeals Council mailed Carty a letter denying his request for appeal. *See* Appeals Council Letter. In the letter, the Appeals Council explained that it "found no reason under [its] rules to review the Administrative Law Judge's decision,"[4] meaning "the Administrative Law Judge's decision is the final decision of the Commissioner of Social Security in [Carty's] case." *Id.* at 1. The letter stated that if Carty disagreed with the Commissioner's decision, he could file a civil case seeking judicial review of the decision, but that in the absence of judicial review, "the Administrative Law Judge's decision will be a final decision that can be changed only under special rules." *Id.* at 2. The Appeals Council Letter also explained that there is a sixty-day window to file a civil action after receipt of the letter, which is presumed to begin five days after the November 30, 2016 mailing date absent a showing by Carty that he did not actually receive the letter within five days of mailing. *Id.* The Appeals Council gave notice to Carty that if he "cannot file for court review within 60 days, [he] may ask the Appeals Council to extend [his] time to file," but noted that Carty "must have a good reason for waiting more than 60 days to ask for court review," and "must make the request in writing," stating his reasons for seeking an extension of the sixty-day period. *Id.* at 3. The Appeals Council told Carty that to file an extension request, he "**must mail [his] request for more time to the Appeals Council** at the address shown at the top of this notice." *Id.*

---

[4] The letter notes that the Appeals Council will review a claimant's case where: (1) "[t]he Administrative Law Judge appears to have abused his or her discretion," (2) "[t]here is an error of law," (3) "[t]he decision is not supported by substantial evidence," (4) "[t]here is a broad policy or procedural issue that may affect the public interest," or (5) the Appeals Council "receive[s] new and material evidence and the decision is contrary to the weight of all the evidence now in record." Appeals Council Letter at 1.

3

(emphasis added).

February 3, 2017 was the sixty-fifth day from the mailing of the Appeals Council letter, and therefore the last day Carty could timely file. *See id.*; Zieman Decl. (dkt. 16-1) ¶ 1; Mot. at 4. On March 3, 2017, Carty purportedly faxed an extension request to the Appeals Council seeking additional time to file his civil case. *See* Zeiman Decl. Ex. 1 (the "Extension Request"). On March 8, 2017, Carty initiated this action against the Commissioner seeking judicial review of the Commissioner's final decision. In his complaint, Carty alleges that he was adversely affected by the final decision of the Commissioner, that he has exhausted all administrative remedies in this matter, and that this Court "has jurisdiction pursuant to Title 41 U.S.C. § 405(g)." Compl. ¶¶ 2–3 (sic, presumably intended as 42 U.S.C. § 405(g)).

**B. The Parties' Arguments**

**1. The Commissioner's Motion to Dismiss and Supporting Evidence**

a. Motion to Dismiss

On June 20, 2017, the Commissioner filed the present Rule 12(b)(1) motion to dismiss Carty's complaint "on the grounds that [Carty's] claims are untimely." Mot. at 1. As part of her motion, the Commissioner attaches a declaration of Nancy Chung, which includes as exhibits copies of the ALJ Decision and the Appeals Council Letter. *See* Chung Decl.; ALJ Decision; Appeals Council Letter. The Commissioner urges the Court to dismiss Carty's complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction. *See* Mot. at 1; Fed. R. Civ. P. 12(b)(1).

The Commissioner raises two main arguments for dismissal. *See* Mot. at 3–4. First, the Commissioner contends that "there is no waiver of sovereign immunity because Plaintiff's complaint is untimely." *Id.* at 3. (capitalization altered throughout). The Commissioner explains that under the doctrine of sovereign immunity, the United States is immune from suit unless it has consented to being sued, noting that the conditions of any such waiver of sovereign immunity must be construed strictly. *Id.* (citing *Hercules, Inc. v. United States*, 516 U.S. 417, 422 (1996); *Bowen v. City of New York*, 476 U.S. 467, 479 (1986)). The Commissioner emphasizes that, under the relevant statutory framework, judicial review of final social security decisions is an exclusive

4

remedy, and that the sixty-day period for filing for judicial review serves as a statute of limitations for such claims. *Id.* (citing 42 U.S.C. § 405(g), (h)). Because Carty "did not file the Complaint in this matter until March 8, 2017, after the 65-day period of limitations had lapsed," the Commissioner contends that Carty's "complaint was untimely and should be dismissed." *Id.* at 4.

Second, the Commissioner argues that the circumstances of this case "do not warrant equitable tolling of the statute of limitations." *Id.* (capitalization altered throughout). The Commissioner contends that "[a]lthough the statute of limitations established by Section 205(g) of the Act [codified at 42 U.S.C. § 405(g)] is subject to equitable tolling, a plaintiff 'faces formidable obstacles in establishing that the government should be estopped from asserting the statute-of-limitations defense.'" *Id.* (quoting *Vernon v. Heckler*, 811 F.2d 1274, 1277 (9th Cir. 1987)). The Commissioner asserts that she is "charged with determining whether to extend the 60-day period, and only 'where the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate' should the courts extend the period." *Id.* (quoting *Bowen*, 476 U.S. at 480). The Commissioner contends that Carty has not demonstrated extraordinary circumstances sufficient to warrant equitable tolling.

### b. Chung Declaration and Attachments

In support of the Commissioner's motion, Nancy Chung submits a declaration describing the normal process for judicial review of social security denials, her role in "processing of claims under Title XVI of the Social Security Act, as amended, whenever a civil action has been filed in the State of California," as well as the information available to her regarding Carty's case file. *See* Chung Decl. In her declaration, Chung indicates that she works for the Office of Appellate Operations within the Office of Disability Adjudication and Review at the Social Security Administration ("SSA"), which "provides professional and technical advice to the Deputy Commissioner and Administrative Appeals Judges of the Appeals Council in the processing of cases in which a civil action has been filed." *Id.* ¶ 2. Chung also states that "[o]ne function of the Appeals Council is to act on requests for review of hearing decisions made by Administrative Law Judges and to either grant, deny or dismiss any such request." *Id.* Chung notes that the Appeals Council also "acts on requests for an extension of the period of time to file a civil action as

5

specified in 42 U.S.C. 405(g) and in 20 CFR 422.210." *Id.*

Based on her review of Carty's file, Chung states that on "November 30, 2016, the Appeals Council sent, by mail . . . with a copy to the representative, notice of its action on the plaintiff's request for review and of the right to commence a civil action within sixty (60) days from the date of receipt." Chung Decl. ¶ 3(a) (citing Appeals Council Letter). Chung notes that she is "not aware of any request for an extension of time to file a civil action as specified in said notice." *Id.* ¶ 3(b). In support of her declaration, Chung attaches copies of the ALJ Decision and the Appeals Council Letter as exhibits. *See* ALJ Decision; Appeals Council Letter.

### 2. Carty's Opposition and Supporting Evidence

#### a. Opposition

On June 30, 2017, Carty filed his opposition to the Commissioner's motion, supported by a declaration from Carty's attorney, Richard Zieman, and a copy of Carty's extension request and facsimile confirmation for the request purportedly sent to the Appeals Council on March 3, 2017. *See* Opp'n; Zieman Decl.; Extension Request.

In his opposition, Carty argues that the Commissioner's "statement of facts is not completely accurate," because Carty "did in fact submit a request for extension with a statement of good cause for filing the Complaint in this matter." Opp'n at 1. Carty contends that the "Appeals Council still does not realize that an [sic] request for extension had been submitted" to the Appeals Council on March 3, 2017. *Id.* at 2. Carty notes that "the requirement for requesting additional time is found at 20 C.F.R. § 404.982," which states that "'[a]ny party to the Appeals Council's decision or denial of review . . . may request that the time for filing an action in a Federal district court be extended.'" *Id.* (quoting 20 C.F.R. § 404.982) (alteration in original). The extension request "'must be in writing and it must give the reasons why the action was not filed within the stated time period.'" *Id.* (quoting 20 C.F.R. § 404.982). Carty contends that his "requests [sic] was made in writing and gave adequate reasons for the request," thus satisfying the requirements for an extension. *Id.* Specifically, Carty contends that there was good cause for the extension due to "medical problems affecting both himself and his son during the 60-day period following the Appeals Council's denial that interfered with his ability to timely file this complaint." *Id.* (citing

6

the Extension Request). Carty therefore requests that the Court deny the Commissioner's motion, "thereby permitting the matter to be litigated on its merits." *Id.*

### b. Zieman Declaration and Attachments

Carty's attorney, Richard Zieman, submits a declaration describing his role as Carty's attorney in the current proceedings before this Court as well as the circumstances surrounding Carty's extension request. *See generally* Zieman Decl. Zieman states that he met with Carty on March 3, 2017 to "discuss possible representation for his Federal District Court claim," acknowledging that the "65th day from the notice [of the Appeals Council's denial] was February 3, 2017"—a month prior to the meeting. *Id.* ¶ 1. On March 3, 2017, Zieman "assisted [Carty] with his Request for Extension and Good Cause statement" and faxed the request to the Appeals Council at the "fax number provided by Appeals Council that is not for new Requests for Review or new evidence." *Id.* ¶¶ 2–3. Zieman contends that later that day he "received [email] confirmation of the fax to the Appeals Council" via his fax system, Nextiva, which included a "pdf attachment of the fax sent." *Id.* ¶ 4; *see* Extension Request at 3–4.

In the attached extension request, Carty listed several reasons for his untimely filing which he contended warranted an extension of the sixty-day limitations period. *See* Extension Request at 1. Carty began by stating that his prior attorney "did not want to handle [Carty's] Federal Court case," and that he had "just reached one who seems willing" to represent him in this Court. *Id.* Carty also described two medical conditions that "made it more difficult to pursue [his] case" during the time around and since the November 30, 2016 date when the Appeals Council Letter was mailed. *Id.* Specifically, Carty stated that in "mid-December 2016, [his] 28 year old son had an ocular stroke," that was "very stressful," requiring Carty to "stay with [his] son off and on for several weeks and also help him get to appointments." *Id.* Additionally, Carty stated that his "own medical condition also made things difficult," describing how in "late November 2016, just several days prior to the Appeals Council notice, [he] had to go to the Marin General Hospital emergency room for [his] back/sciatic nerve." *Id.* At that visit to the emergency room, Carty "received injections and was prescribed additional pain medication." *Id.* On December 5, 2016, Carty also had "an epidural and nerve root block on [his] lumbar spine," that he contends "slowed

7

[him] down even more." *Id.*

### 3. The Commissioner's Reply

In her reply, the Commissioner contends that Carty "fails to establish that the Court should not dismiss the complaint that he filed . . . as untimely" for two reasons. *See* Reply at 1.

First, the Commissioner contends that Carty's allegations regarding his purported faxing of an extension request are insufficient. *See* reply at 1–2. The Commissioner states that despite Carty's contention that he "faxed an extension request to the Appeals Council, the confirmation that he attaches to his opposition is neither from the agency nor indicates what number the alleged facsimile was sent to." *Id.* at 1 (citing Extension Request at 3). According to the Commissioner, the Appeals Council "has no knowledge of receiving any extension request, including (but not limited to), the March 3, 2017 letter [Carty] claims to have sent to the Appeals Council." *Id.* (citing Chung Decl. ¶ 3(b)). Further, the Commissioner contends that Carty's "failure to follow-up with the Appeals Council on his alleged extension request illustrates that he did not diligently attempt to comply with the applicable statute of limitations, which is strictly construed." *Id.* at 2 (citing *Bowen*, 476 U.S. at 479).

Second, and "[m]ore importantly," the Commissioner contends that "even assuming that Plaintiff faxed the March 3, 2017 letter to the Appeals Council, which the Commissioner does not concede, any such facsimile would not constitute a valid extension request." *Id.* at 2. The Commissioner notes that the Appeals Council Letter "mailed to Plaintiff expressly stated, 'You must **mail** your request for more time to the Appeals Council at the address shown at the top of this notice.'" *Id.* (quoting Appeals Council Letter at 3) (emphasis added by the Commissioner). In light of this mailing requirement and the fact that Carty alleged "only that he faxed an extension request to the Appeals Council," the Commissioner contends that Carty "concedes that he did not comply with the November 20, 2016 [sic[5]] Appeals Council notice." *Id.* Because Carty "fails to demonstrate that he submitted a valid request for an extension of time and/or that he acted diligently in pursuing any such extension," the Commissioner urges the Court to grant the motion.

---

[5] As noted above, the Appeals Council's letter was dated November 30, 2016.

8

*Id.*

## III. ANALYSIS

### A. Applicability of Rule 12(b)(1) Analysis

A complaint may be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). For social security claims seeking judicial review of an adverse decision, however, "the 60-day requirement is *not* jurisdictional, but rather constitutes a period of limitations." *Bowen*, 476 U.S. at 478 (citing *Mathews v. Eldridge*, 424 U.S. 319, 328 n.9 (1976); *Weinberger v. Salfi*, 422 U.S. 749, 764 (1975)) (emphasis added). Here, the Commissioner brings her motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction as opposed to Rule 12(b)(6) for failure to state a claim.[6] *See* Mot. at 1. Because the sixty-day deadline for claims seeking judicial review of social security denials is a statute of limitations period and is not jurisdictional in nature, the Court applies a Rule 12(b)(6) analysis. *See Bowen*, 476 U.S. at 478; 42 U.S.C. 405(g); *see also Supermail Cargo, Inc v. United States*, 68 F.3d 1204, 1206 n.2 (9th Cir. 1995) ("Because the question whether Supermail's claim is barred by the statute of limitations is *not* a jurisdictional question, it should have been raised through a Rule 12(b)(6) motion to dismiss for failure to state a claim, not a Rule 12(b)(1) motion to dismiss for lack of jurisdiction.").

### B. Legal Standard for Rule 12(b)(6) Motions to Dismiss

A complaint may be dismissed for failure to state a claim on which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. "The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint." *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). Generally, a claimant's burden at the pleading stage is relatively light. Rule 8(a) of the Federal Rules of Civil Procedure states that "[a] pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

In ruling on a motion to dismiss under Rule 12(b)(6), the court analyzes the pleading and

---

[6] While the Commissioner brings the motion pursuant to Rule 12(b)(1), she recites the legal standard for Rule 12(b)(6). *See* Mot. at 1–2.

9

takes "all allegations of material fact as true and construe[s] them in the light most favorable to the non-moving party." *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal may be based on a lack of a cognizable legal theory or on the absence of facts that would support a valid theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A pleading must "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007) (citing *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "[C]ourts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (alteration in original). Rather, the claim must be "'plausible on its face,'" meaning that the claimant must plead sufficient factual allegations to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 570).

When a written instrument is attached to a pleading, "[a] copy of a written instrument that is an exhibit to a pleading is a part of that pleading for all purposes." Fed. R. Civ. P. 10(c). Similarly, under the incorporation by reference doctrine, "[e]ven if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (citing, *inter alia*, *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002)).

For Rule 12(b)(6) motions concerning the applicability of the equitable tolling doctrine, "the question ordinarily requires reference to matters outside the pleading, and is not generally amenable to resolution on a Rule 12(b)(6) motion, where review is limited to the complaint alone." *Cervantes v. City of San Diego*, 5 F.3d 1273, 1276 (9th Cir. 1993). Courts have

10

nevertheless routinely granted motions to dismiss where a claim is barred by statute of limitations and a claimant "fail[s] to plead facts demonstrating that equitable tolling should apply." *See, e.g.*, *Williams v. Bank of Am., N.A.*, 695 F. App'x 328 (9th Cir. Aug. 16, 2017); *Marky v. Bank of Am., N.A.*, 675 F. App'x 790 (9th Cir. 2017); *Mortensen v. Countrywide Bank, FSB*, 662 F. App'x 501, 503 (9th Cir. 2016).

## C. Legal Background for Judicial Review of Social Security Decisions

Under Title XVI of the Social Security Act, "any individual, after any final decision of the Commissioner of the Social Security made after a hearing . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of a notice of such decision." 42 U.S.C. § 405(g). Judicial review under Section 405 is an exclusive remedy. 42 U.S.C. § 405(h) ("No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided.").

"When the Appeals Council declines review, 'the ALJ's decision becomes the final decision of the commissioner,'" initiating the sixty-day statute of limitations for judicial review. *Brewes v. Comm'r. of Soc. Sec. Admin.*, 682 F.3d 1157, 1162 (9th Cir. 2012) (quoting *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1231 (9th Cir. 2011)). When a denial of appeal request is sent via mail, the Appeals Council assumes that this sixty-day period begins five days after the date of such notice "unless there is a reasonable showing to the contrary," meaning that a social security claimant has sixty-five days from the date of the denial notice to file a civil suit seeking judicial review. 20 C.F.R. § 422.210(c). The sixty-day period "may be extended by the Appeals Council upon a showing of good cause." *Id.* However, unless the Appeals Council extends the sixty-day window for filing upon a showing of good cause, a civil action must be commenced within this window. *Id.* District courts have no authority to grant an extension for good cause. *See id.*; *Matsibekker v. Heckler*, 738 F.2d 79, 81 (2d Cir. 1984).[7]

In determining whether there is good cause for an extension, the Appeals Council

---

[7] "The government argues . . . that 42 U.S.C. § 405(g) and 20 C.F.R. § 422.210(c) vest exclusive power in the Secretary to grant extensions for good cause and that the district courts have no such authority to extend the time period beyond sixty days. We agree." *Matsibekker*, 738 F.2d at 81.

11

considers what circumstances kept a claimant from making a request, whether actions by the SSA misled a claimant, whether a claimant misunderstood the requirements of the Social Security Act, and whether a claimant has physical, mental, educational, or linguistic limitations which prevented him or her from filing a timely request. *See* 20 C.F.R. § 416.1411(a). The relevant regulations list, *inter alia*, instances where a claimant was "seriously ill and [was] prevented from contacting [the Appeals Council] in person, in writing, or through a friend, relative, or other person," as well as instances where "[t]here was a death or serious illness in [a claimant's] immediate family" as examples of instances where good cause may exist. 20 C.F.R. § 416.1411(b).

This sixty-day period for judicial review of adverse social security decisions "is not jurisdictional but rather constitutes a statute of limitations," and "is a condition on the waiver of sovereign immunity and thus must be strictly construed." *Bowen*, 476 U.S. at 478–79. The Supreme Court has nevertheless held that the "application of a 'traditional equitable tolling principle' to the 60-day requirement of § 405(g) is fully 'consistent with the overall congressional purpose' and is 'nowhere eschewed by Congress.'" *Id.* at 480 (quoting *Honda v. Clark*, 386 U.S. 484, 501 (1967)); *see also Quick Korner Market v. U.S. Dep't of Agric., Food & Nutrition Serv.*, 180 F. Supp. 3d 683, 690 (S.D. Cal. 2016) ("[W]hen a limitations period is non-jurisdictional, the period is treated as a 'claims-processing rule' that may be equitably tolled by the court under appropriate circumstances." (citing *United States v. Kwai Fun Wong*, 135 S. Ct. 1625 (2015))). "While in most cases the Secretary will make the determination whether it is proper to extend the period within which review must be sought, cases may arise where the equities in favor of tolling the limitations are 'so great that deference to the agency's judgment is inappropriate.'" *Bowen*, 476 U.S. at 480 (quoting *Mathews*, 424 U.S. at 330).

A litigant is entitled to equitable tolling of a limitations period only if he can show "'(1) that he had been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Federal courts "have typically extended equitable relief only sparingly," such as "where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the

12

complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). Courts have "generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights." *Id.* The Ninth Circuit has noted that "[e]quitable tolling is typically denied in cases where a litigant's own mistake clearly contributed to his predicament." *Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2008) (citing *Lawrence v. Florida*, 549 U.S. 327, 335–36 (2007)).

In addition to showing they diligently preserved their rights, claimants must also "demonstrate *extraordinary circumstances*, such as fraud, misinformation, or deliberate concealment." *Jackson v. Astrue*, 506 F.3d 1349, 1355 (11th Cir. 2007). This "extraordinary circumstances" standard applied by courts to determine whether equitable tolling applies is "more demanding" than the "good cause" standard used by the Appeals Council to determine whether to grant extension requests. *Id.* at 1356 (citing *Irwin*, 498 U.S. at 95–96; 20 C.F.R. § 416.1411). Rather than merely good cause for delay, "a litigant must show that 'extraordinary circumstances were the cause of his untimeliness and . . . ma[de] it impossible to file [the document] on time.'" *Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1052 (9th Cir. 2013) (quoting *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009)) (alterations in original), *aff'd sub nom. United States v. Kwai Fun Wong*, 135 S Ct. 1625 (2015). "Accordingly, '[e]quitable tolling is typically granted when litigants are unable to file timely [documents] as a result of external circumstances beyond their direct control.'" *Id.* (quoting *Harris*, 515 F.3d at 1055). For example, the Ninth Circuit has found that mental impairments can amount to "extraordinary circumstances" when they "made it impossible to comply with the filing deadline" by preventing litigants from being able to file before the deadline or from understanding the need to do so. *See Bills v. Clark*, 628 F.3d 1092, 1099–1100 (9th Cir. 2010). Similarly, where the misconduct of an adversarial party or a plaintiff's own attorney prevents a plaintiff from understanding or preserving his or her legal rights, courts have found that these circumstances justify equitable tolling. *See, e.g.*, *Spitsyn v. Moore*, 345 F.3d 796, 801–02 (9th Cir. 2003) (holding that the plaintiff's attorney's actions were "sufficiently egregious" to amount to "extraordinary circumstances" where the plaintiff's attorney,

13

who had sole possession of the case file, failed to file a petition in a timely manner despite having had the case file a year in advance of the deadline). In contrast, courts have held that mere "attorney negligence is not an extraordinary circumstance warranting equitable tolling" absent a showing of bad faith, dishonesty, divided loyalty, or impairment on the part of the attorney. *Holland*, 560 U.S. at 655. Similarly, courts have generally found that a claimant's inability to procure new legal representation does not rise to the level of an "extraordinary circumstance." *See, e.g.*, *Lazerson v. Colvin*, No. 13-2832, 2014 WL 967048 at *5 (N.D. Cal. Mar. 6, 2014); *Vasquez v. Colvin*, No. EDCV 14-00910-DFM, 2014 WL 5761133 at *4 (C.D. Cal. Nov. 5, 2014).

### D. Application

As detailed above, Carty had sixty-five days from the date the Appeals Council Letter was mailed,[8] i.e., until February 3, 2017, to file a civil action seeking judicial review of the Commissioner's final decision. *See* Appeals Council Letter.[9] Carty initiated the current action on March 8, 2017—ninety-eight days after the letter was mailed, and thirty-three days after the limitations period ended. *See* Compl.

With respect to the initial question of whether Carty's filings were timely, the Court finds that Carty missed his window to file timely and did not make a valid extension request that could have otherwise extended this limitations period. Carty contends that this Court should deny the Commissioner's motion because Carty properly "filed a request for extension with the SSA Appeals Council," and "good cause was provided with the request for extension." Opp'n at 1–2 (capitalization altered throughout). As a threshold matter, the extension request attached to Carty's opposition falls out of the scope of the pleadings either directly or by the doctrine of

---

[8] A litigant may present evidence that he did not actually receive a denial letter within the presumed five days from the date of mailing. *See* Appeals Council Letter at 2 ("We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period"); 20 C.F.R. § 422.210(c) ("[T]he date of receipt of notice . . . shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary."). Because Carty has not attempted to rebut this presumption, the Court finds the presumption of receipt five days from the date of mailing to apply. Accordingly, Carty had sixty-five days from the November 30, 2016 date of mailing to file for judicial review.
[9] The Court considers the Appeal Council Letter under the doctrine of incorporation by reference because Carty's complaint references and relies on the final decision of the Commissioner, *see* Compl. ¶ 2, and that decision was rendered final by the Appeals Council Letter denying review, *see* 20 C.F.R. § 422.210(a).

14

incorporation by reference, and thus cannot properly be considered on a motion under Rule 12(b)(6).

Even if the Court were to consider the request, the document reveals that Carty did not follow the correct procedure to request an extension. In its letter to Carty, the Appeals Council explained to him that "[i]f you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file," noting that Carty "must have a good reason for waiting more than 60 days to ask for Court review." *Id.* at 3. The letter told Carty, "You **must mail your request** for more time to the Appeals Council at the address shown at the top of [the Appeals Council Letter]," and that the Appeals Council "will send you a letter telling you whether your request for more time has been granted." *Id.* (emphasis added). Instead of following those instructions to mail a request to the Appeals Council, Carty contends that he faxed a copy to "the fax number provided by Appeals Council that is not for new Requests for Review of new evidence." Zieman Decl. ¶ 3; *see* Extension Request. The Appeals Council Letter does not indicate that Carty could request an extension by fax. *See* Appeals Council Letter.

Moreover, even if Carty had properly filed an extension request with the Appeals Council, it is within the sole discretion of the Commissioner, and in particular the Appeals Council on behalf of the Commissioner, to grant good cause extensions to the sixty-day limitations period. *See* 20 C.F.R. § 422.210(c) ("Any civil action described in paragraph (a) of this section must be instituted within 60 days after the Appeals Council's notice of denial . . . except that this time may be extended by the Appeals Council upon a showing of good cause."); 20 C.F.R. § 404.982 ("The request must be filed with the Appeals Council . . . ."). While a district court has the authority to decide that a claimant's circumstances warrant equitable tolling of the limitations period, a district court may not grant an extension request, a function statutorily reserved for the Appeals Council, and there is no indication that the Appeals Council granted the request at issue in this case. *See Matsibekker*, 738 F.2d at 81.

Given that Carty's complaint was untimely and that this Court does not have the authority to grant extension requests, the Court's inquiry turns to whether Carty has adequately alleged circumstances warranting equitable tolling. Carty's complaint does not address his untimely

15

filing, much less allege "extraordinary circumstances" necessary for equitable tolling. *See* Compl.; *Holland*, 560 U.S. at 649. Dismissal under Rule 12(b)(6) is therefore warranted. *See Williams*, 2017 WL 3499915, at *1.

In coming to this decision, the Court notes that the principle of equitable tolling has been applied "only sparingly," and is generally reserved for circumstances where a plaintiff was induced or tricked by a defendant into letting the deadline pass, where a plaintiff defectively attempted to pursue judicial remedies, or where circumstances beyond the plaintiff's control made compliance with a deadline impossible. *See Irwin*, 498 U.S. at 96; *Bills*, 628 F.3d at 1096, 1099–1100. The Supreme Court has held that courts are "much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights." *Irwin*, 498 U.S. at 96. A litigant must show "'that he has been pursuing his rights diligently'" to be entitled to equitable tolling. *Holland*, 560 U.S. at 649 (quoting *Pace*, 544 U.S. at 418). Where a litigant's mistake or lack of diligence "contributed to his predicament," equitable tolling is typically denied. *See Harris*, 515 F.3d at 1055 (citing *Lawrence*, 549 U.S. at 335–36). Carty fails to allege any facts that support a finding that he diligently preserved his rights in light of his failure to file a timely complaint. *See* Compl.

Even if the Court were to consider Carty's extension request identifying his and his son's health issues, as well as difficulties finding an attorney to take his case, as reasons behind his failure to timely file for judicial review, none of these circumstances constitute "extraordinary circumstances" that warrant the continuation of this case under an equitable tolling analysis. *See* Extension Request at 1. Courts have generally held that neither failure to obtain counsel nor "'a garden variety claim of excusable neglect'" by counsel is an "extraordinary circumstance" sufficient to justify equitable tolling. *See Irwin*, 498 U.S. at 96 (addressing errors by counsel); *Lazerson*, 2014 WL 967048, at *5 (addressing failure to obtain counsel); *Vasquez*, 2014 WL 5761133, at *4 (same). Carty alleges no wrongdoing or trickery on the part of the Commissioner or his counsel that would make him unable to understand or preserve his legal rights. *See* Extension Request; *cf. Holland*, 560 U.S. at 651–54; *Spitsyn*, 345 F.3d at 801–02. The first page of the Appeals Council Letter explained to Carty, in plain and clear language, that he had a total of

sixty-five days to file an appeal if he wished to seek judicial review of the denial. *See* Appeals Council Letter at 1. Nor does Carty allege that mental or physical impairments made it impossible for him to file in a timely manner. *See* Extension Request; *cf. Bills*, 628 F.3d at 1099–1101. Although the Court recognizes that Carty faced difficulty balancing his own and his son's medical ailments with the procedural requirements of his application for benefits and the present action, the statutory scheme vests discretion with the Commissioner, not this Court, to decide whether such considerations warrant an extension of time. *See Matsibekker*, 738 F.2d at 81. Treating any practical impediment to filing as a basis for equitable tolling would improperly usurp the Commissioner's authority and conflate the "extraordinary circumstances" for equitable tolling with the less demanding "good cause" analysis applicable to extension requests. *See Jackson*, 506 F.3d at 1356.

Because the allegations of Carty's complaint do not provide any basis for tolling the statute of limitations, the Commissioner's motion to dismiss is GRANTED. Moreover, based on the arguments presented in Carty's opposition brief and the attached documents, the Court concludes that Carty could not amend his complaint to cure its untimeliness. Leave to amend is therefore denied.

## IV. CONCLUSION

For the reasons discussed above, the Court GRANTS the Commissioner's motion to dismiss this action without leave to amend. The Clerk is instructed to enter judgment in favor of the Commissioner and close the file.

**IT IS SO ORDERED.**

Dated: November 17, 2017

JOSEPH C. SPERO
Chief Magistrate Judge